JOHN NERO, PLAINTIFF-APPELLANT, v. WILLIAM F. HY-
LAND, ATTORNEY GENERAL OF THE STATE OF NEW
JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 13, 1976—Decided January 7, 1977.

Before Judges FRITZ, CRAHAY and ARD.

*Mr. William K. Dickey* argued the cause for appellant.

*Mr. Michael A. Santaniello,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Stephen Skillman,* Assistant Attorney General, of counsel).

The opinion of the court was delivered by

FRITZ, P. J. A. D. ██ We are in substantial agreement with much of that said by Judge Rizzi in his crisp and articulate opinion below. 136 *N. J. Super.* 537 (Law Div. 1975). We agree wholly and for the reasons there set forth that the document involved is a public record; that such records are generally to be "readily accessible for examination by the citizens of this State"; that certain exceptions to a disclosure requirement limit the public right to know nonetheless; that one of these exceptions comes into play upon an exercise by executive order of the Governor's judgment declaring a record immune, and that the right of the Governor to exercise his discretion in this regard is not without limits.

Our difference in judgment with that of Judge Rizzi springs solely from the inflexibility inherent in his statement that "In order to gather this necessary information [background checks of potential government officers] investigatory files such as the one before this court of necessity must be kept confidential in order to convince citizens that they may safely confide in law enforcement officials." 136 *N. J. Super.* at 542. Even our difference with Judge Rizzi in this respect is not overwhelming. As a general proposition, the statement is unexceptionable. Our concern is for the inexorable nature of the expression. If the opinion below means records such as those in question are to be protected from disclosure regardless of the circumstances, we believe it offends the sense of *Irval Realty v. Bd. of Pub. Util. Comm'rs,* 61 *N. J.* 366 (1972). There our Supreme Court recognized the necessity for balancing "the interest of the public in maintaining the confidentiality of [such] records and the interest of [the persons concerned] in examining them" (61 *N. J.* at 375), whenever these important competing interests are involved.

██ Nor do we disagree with the suggestion that ordinarily records such as the character investigation record here involved should be held entirely confidential. But where, as here, although there are alternatives, the government elects

to comment on the results of the investigation in a manner reasonably implying derogation to the character of the individual concerned and likely to result in a fairly broad dissemination of such comment,[1] we believe the competing interests, each of which is worthy of high regard as a matter of important public policy, ought to be weighed and the result made to depend on which concern has the greatest weight. Such a rule of law provides government with the guidelines whereby it may protect the confidentiality of the reports by appropriately circumscribing its use of the reports, and at the same time assuages the fear of the trial judge here that "[t]o require submission of the investigative report to the trial judge in this case would mean the creation of an absolute right for judicial examination of matters the executive deemed contrary to the public interest." 136 *N. J. Super.* at 543–544. This latter proposition is simply not so except in the circumstances described.

A method for the procedure is described in *Irval Realty, supra*:

> * * * It may be that some material in a report such as those we are considering should not be revealed because the public interest will be best served by its remaining secret. [Footnote omitted.] In all future cases of this sort, where a controversy arises, the decision should be made by the trial judge to whom the issue will be presented, either on motion or otherwise. He should call for and examine the report or other record. If in his sound judgment some part or all of the information therein contained should not be revealed, he will so rule. If the whole of the record cannot be shown to the party seeking discovery, but certain portions may be, then the judge should extract these portions and make them available for perusal or direct that such other practical steps be taken as will achieve the desired result. This kind of selective practice has for some time been successfully followed with respect to such sensitive documents as income tax returns, corporate records that touch upon trade or business

---

[1]This rule calls for a preliminary factfinding in a given case. Although no such finding was made in the matter before us, the existence of such facts is readily apparent to us from the record, and while some of the details appear to be questioned, the sense of the essential facts seems not to be a subject of dispute.

secrets and the like. *Ullmann v. Hartford Fire Ins. Co.*, 87 *N. J. Super.* 409 (App. Div. 1965). [61 *N. J.* at 375–376]

Reversed and remanded for further proceedings consistent with the foregoing. We do not retain jurisdiction. No costs.